[See the preceding case.]

## MARQUEZE v. BLOOM.

A case brought here as within the 25th section of the Judiciary Act dismissed; neither the record nor the opinion of the Supreme Court, which was in the records, showing any question before that court, except one relating to the interruption of a "prescription" (statute of limitations) set up as a defence, and the opinion showing that this question was decided exclusively upon the principles of the jurisprudence of the State.

ON motion to dismiss a writ of error to the Supreme Court of the State of Louisiana.

Marqueze & Co. brought this suit in the Fourth District Court of the Parish of Orleans, in Louisiana, on the 19th of April, 1866, against Bloom, Kahn, and Levi, trading as Bloom, Kahn & Co. The petition was for the recovery of money alleged to be due to the plaintiffs, for certain merchandise sold to the defendants during the first six months of 1861, amounting with interest, to $1045. The defendants, except Levi, pleaded the prescription of three years. Levi pleaded the same prescription, averring that at the time of the sale of the goods and since, until the commencement of the suit, he resided in the city of New Orleans. The District Court gave judgment against all the defendants. Levi alone appealed to the Supreme Court, and the judgment as to him was reversed.

The opinion of the Supreme Court was in the record, and it appeared that the only question before that court related

to the interruption of prescription, and that this was decided exclusively upon the principles of the jurisprudence of the State.

The CHIEF JUSTICE:

No Federal question is referred to in the record or in the opinion. We have, therefore, no jurisdiction of the case,* and the writ of error must be

DISMISSED.

---

* Gibson *v.* Chouteau, 8 Wallace, 314; Worthy *v.* The Commissioners, 9 Id. 613; Northern Railroad *v.* The People, 12 Id. 384.